COURT
OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2001 JUL 25  A 11: 43

|  |  |  |
|---|---|---|
| ERIK NORDSTROM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 01-40131-NMG |
| | ) | |
| NEIL O'CONNOR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DOCKETED

## AMENDED COMPLAINT

### INTRODUCTION

1.      This is an action for money damages brought against a Worcester police

officer for violations of the plaintiff's constitutional rights along with state tort claims.

Worcester police officer Neil O'Connor struck Mr. Erik Nordstrom in the face with his

police flashlight, fracturing his front tooth.  Although Mr. Nordstrom had done nothing

wrong, he was charged with assault and battery on a police officer, being a disorderly

person and resisting arrest.  After a non-jury trial, Mr. Nordstrom was found not guilty

of all the charges.  Mr. Nordstrom had emotional suffering and mental anguish as a

result of this outrageous incident.



JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§1983 and 1988, the Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under M.G.L. ch. 12, §11 and Massachusetts tort law.

PARTIES

3.      Plaintiff Erik Nordstrom was at all times material to this complaint a resident of the Commonwealth of Massachusetts.

4.      Defendant Neil O'Connor was at all times material to this complaint a police officer in the City of Worcester. His actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Worcester. He is sued in his individual capacity.

FACTS

5.      On July 18, 1999, plaintiff Erik Nordstom and some friends were on Park Avenue in Worcester.

6.      Police officers had been called to quell a commotion outside of a drinking establishment.

7.      Mr. Nordstrom was not involved in the commotion.

8.      Defendant O'Connor saw Mr. Nordstrom and mistakenly thought he was a person he had seen earlier at the scene of the commotion.

9.    Defendant O'Connor claims that Mr. Nordstrom yelled at him.

10.    Defendant O'Connor got out of his police car, holding a police flashlight, and moved towards Mr. Nordstrom.  O'Connor struck Nordstrom in the face with the flashlight causing his right front tooth to break into two pieces.

11.    Mr. Nordstrom asked O'Connor why he did that.  O'Connor responded by throwing Nordstrom face down on the ground and applying a chokehold.

12.    Mr. Nordstrom lost consciousness.

13.    Defendant O'Connor arrested Mr. Nordstrom.

14.    Because of his injuries, Mr. Nordstrom was taken to a hospital.  He entered the hospital in shackles.

15.    Mr. Nordstrom was charged with assault and battery on a police officer although in fact officer O'Connor assaulted him.

16.    A criminal trial was held on December 15, 1999.  Mr. Nordstrom was found not guilty on all of the charges.

17.    Mr. Nordstrom suffered physical injuries to his tooth, face, head and jaw. He also suffered embarrassment, degradation, humiliation and mental suffering  as a result of this incident.  Plaintiff worried that a criminal conviction could affect his employment opportunities.  He incurred legal fees and expenses in the criminal case of two thousand six hundred dollars.

## COUNT ONE:    42 U.S.C. § 1983

18.    The above paragraphs are incorporated by reference.

19.    Defendant O'Connor used unreasonable force on plaintiff.

20.    Defendant O'Connor arrested plaintiff without probable cause.

21.    By the actions described above, defendant deprived the plaintiff of the following clearly established and well-settled rights:

   a.    freedom from an unreasonable seizure of his person;

   b.    freedom from arrest without probable cause;

   c.    freedom from the use of unreasonable force; and

   d.    freedom of speech.

22.    The defendant deprived plaintiff of clearly established and well-settled constitutional rights. He acted with reckless disregard for plaintiff's constitutional rights.

23.    As a direct and proximate result of this conduct, plaintiff suffered the injuries described above.

## COUNT TWO:    M.G.L. C.12, §11I

24.    The above paragraphs are incorporated by reference.

25.    The defendant's conduct deprived plaintiff of his rights under federal and state law by threats, intimidation and coercion thereby violating the Massachusetts Civil Rights Act.

26.    Defendant O'Connor's conduct was motivated by plaintiff's statements to him. O'Connor acted to intimidate plaintiff.

4

27.    As a direct and proximate result of this conduct, plaintiff suffered the injuries described above.

## COUNT THREE: FALSE IMPRISONMENT

28.    The above paragraphs are incorporated by reference.

29.    The arrest and subsequent confinement of the plaintiff was without probable cause.

30.    As a direct and proximate result of this unjustified restraint, the plaintiff suffered the emotional and dignitary injuries described above.

## COUNT FOUR: MALICIOUS PROSECUTION

31.    Defendant O'Connor instituted criminal proceedings against the plaintiff without probable cause and with malice as that term is defined in Massachusetts tort law.

32.    The criminal proceeding terminated in the plaintiff's favor.

33.    As a direct and proximate result of this unlawful conduct, the plaintiff suffered the emotional and dignitary injuries described above.

**WHEREFORE**, the plaintiff requests that this court:

1.    Award compensatory damages;

2.    Award punitive damages against the defendant;

3.    Award the costs of this action, including reasonable attorney's fees to the plaintiff; and

4.    Award such other and further relief as this Court may deem necessary and appropriate.

## JURY DEMAND

A jury trial is hereby demanded.

RESPECTFULLY SUBMITTED,

Howard Friedman
BBO #180080
Myong J. Joun
BBO #645099
**Law Offices of Howard Friedman**
90 Canal Street, Fifth Floor
Boston, MA 02114-2022
(617) 742-4100

Date: 7/24/01

6

# Law Offices of Howard Friedman

90 Canal Street
Boston, MA 02114-2022

Telephone
**617-742-4100**

Telecopier
617-742-5858

■

Howard Friedman
Myong J. Joun

July 24, 2001

Clerk
United States District Court
District of Massachusetts
Harold D. Donahue Federal Bldg. & Courthouse
595 Main Street
Worcester, MA 01608

Re:    Nordstrom v. O'Connor
          C.A. No. 01-40131-NMG

Dear Sir/Madam:

Enclosed for filing in connection with the above referenced matter, please find plaintiff's amended complaint. This is filed as a matter of course under Fed.R.Civ.P. 15. The original complaint was filed on July 17, 2001 and the defendant has not yet been served with the summons and complaint.

The defendant was incorrectly identified as Michael O'Connor instead of Neil O'Connor. I am enclosing a summons with the defendant's correct name. I would appreciate you sending me back the summons signed by the clerk in the enclosed return envelope.

Thank you for your attention.

Sincerely,

Myong J. Joun

MJJ:mmi
Enclosures